UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | No.: 05-297 |
| CHRIS WALKER | SECTION: "J" |

## ORDER & REASONS

Before the Court is Defendant Chris Walker's *Supplemental Memorandum in Support of Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act of 2018* **(Rec. Doc. 414)**. The Government opposes the motion; (Rec. Doc. 419); and Walker filed a reply memorandum; (Rec. Doc. 424). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Walker was arrested in 2005 for two drug distribution charges and being a felon in possession of a firearm. While in custody, Walker made several phone calls to his codefendant Sims about wanting to kill DEA Special Agent Chad Scott, and they discussed hiring a hitman for the murder. DEA agents learned about the plot and introduced an undercover agent posing as a hitman to Walker and Sims. Sims met with the agent and gave him $1,000 as a down payment to murder Agent Scott. Sims was then arrested.

1

Walker was charged by superseding indictment with conspiracy to distribute at least 50 grams of cocaine base ("crack"), at least 500 grams of cocaine hydrochloride, and a quantity of marijuana (Count 1); possession with intent to distribute at least 50 grams of crack and 500 grams of cocaine (Count 2); being a felon in possession of a firearm (Count 3); and conspiracy to murder a federal agent (Count 4). A second superseding indictment added a charge against Walker of solicitation to murder a federal witness (Count 7).

Walker pleaded guilty without a plea agreement to the five counts against him. The Government noticed two of his prior felony drug convictions, which subjected him to a mandatory life sentence for Counts 1 and 2. See 21 U.S.C. § 841(b)(1)(A) (2006). His offense level was 36 for Counts 1, 2, and 3; 45 for Count 4; and 33 for Count 7. Accordingly, his combined offense level was 45, and after the reduction for acceptance of responsibility, his total offense level was 42. With a criminal history category of VI, his guidelines range was 360 months to life imprisonment but was restricted to a minimum of life because of the mandatory minimum for Counts 1 and 2. Walker was sentenced to concurrent terms of life imprisonment on Counts 1, 2, and 4; 120 months for Count 3; and 240 months for Count 7. At Walker's sentencing, the Court stated that, even if it had agreed with Walker's arguments that his guidelines were only 360 months to life, the Court would impose a life sentence under the circumstances of this case anyway. (Sentencing Transcript; Rec. Doc. 234, at 22). Walker's conviction and sentence were affirmed on appeal. *United States v. Walker*, 294 F. App'x 121 (5th Cir. 2008) (per curiam).

In 2019, Walker moved to reduce his sentence under Section 404 of the First Step Act of 2018. (Rec. Docs. 349, 350). The Court referred his motion to the 1stSA Committee, which determined that he was eligible for a sentence reduction under Section 404 of the First Step Act. The Court concluded that, although his guidelines range was restricted to life due to the § 851 enhancement, the Court made it clear that it would impose a life sentence under the circumstances of this case: "I would give you the maximum possible sentence considering all of the facts and circumstances here." (Rec. Doc. 383, at 5) (citing Sentencing Transcript; Rec. Doc. 234, at 22-23). Thus, after considering the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, *see* § 3553(a)(1)–(2)(A), the Court declined to exercise its discretion to reduce Sims's sentence. *Id.* The Fifth Circuit affirmed that judgment on March 22, 2021. *United States v. Walker*, 839 F. App'x 945, 945-45, (5th Cir. 2021) ("Walker has not shown the district court abused its discretion. The court acknowledged Walker's claims and the changes in the law, correctly set forth the circumstances of his case, and denied relief based on the § 3553(a) factors."). Walker did not petition the Supreme Court for a writ of certiorari.

In 2022, the United States Supreme Court decided *Concepcion v. United States*, holding that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." 142 S. Ct. 2389, 2404 (2022). The United States Supreme Court later

granted Walker's codefendant, Sims's petition for writ of certiorari, vacated the Fifth Circuit's judgment, and remanded the case to the Fifth Circuit for further consideration in light of *Concepcion*. The Fifth Circuit then vacated this Court's denial of Sims's motion to reduce sentence and remanded the case to this Court for reconsideration in light of *Concepcion*.

On April 12, 2023, the Court denied Sims's motion for sentence reduction. (Rec. Doc. 411). In light of the Supreme Court's guidance in *Concepcion*, the Court found that the intervening changes in law did not weigh in favor of this Court's exercise of its discretion to reduce Sims's sentence. *Id.* at 6. Although Sims's simple possession offense would no longer subject him to a statutory enhancement, the statutory penalties for his other offenses were unchanged, and he did not receive the minimum sentence at his original sentencing. *Id.* Although Sims demonstrated evidence of rehabilitation, his postsentencing disciplinary infractions in prison did not counsel in favor of a sentence reduction. *Id.* at 7. Finally, in considering the § 3553(a) factors, the Court reemphasized the seriousness of the Defendants' plot to murder a federal agent as well as the fact that Sims's original sentence was at the bottom of the Guidelines range despite an intervening change in law. *Id.* at 7-8.

On February 22, 2023, Walker requested leave to file supplemental briefing in consideration of the decision in *Concepcion*. (Rec. Doc. 403). The Court set a briefing schedule for the parties to provide the Court with updated arguments considering *Concepcion*. Walker filed his supplemental memorandum on May 22, 2023, the government responded on June 29, 2023, and Walker replied on July 19, 2023.

## **LEGAL STANDARD**

Under the First Step Act, the Court has discretion to reduce a sentence previously imposed as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the offense was committed. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019). The Court determines a new sentence by placing itself in the time frame of the original sentencing and altering the relevant legal landscape by the changes mandated by the 2010 Fair Sentencing Act. *Id.* The Court may consider the 18 U.S.C. § 3553(a) sentencing factors and the defendant's post-sentencing conduct in determining whether to exercise its discretion. *See United States v. Jackson*, 945 F.3d 315, 322 nn. 7-8 (5th Cir. 2019).

The First Step Act also allows district courts to consider intervening changes of law (such as changes to the Sentencing Guidelines) or fact (such as behavior in prison) in exercising their discretion to reduce a sentence pursuant to the First Step Act. *Concepcion*, 142 S. Ct. at 2396, 2404. The First Step Act does not require a district court to "accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence of violent behavior in prison counsels against providing relief." *Id.* at 2404-05. Nor does the First Step Act require a district court to make a "point-by-point rebuttal of the parties' arguments[;] [a]ll that is required is for a district court to demonstrate that it has considered the arguments before it." *United States v. Guzman*, No. 20-51001, 2022 WL 17538880, at *1 (5th Cir. Dec. 8, 2022) (citing *Concepcion*, 142 S. Ct. at 2405).

## DISCUSSION

Walker contends that, in light of *Concepcion*, changes of law and fact during the time he was incarcerated support a reduction of his sentence. First, he notes that the Fair Sentencing Act reduced the statutory minimum for his drug offenses to 10 years, rather than life in prison, as applied the time of his sentencing. (Rec. Doc. 414, at 3). Second, Walker points out, as he did in his previous motion, that he has maintained good prison conduct and continued his rehabilitative efforts while in prison, including completing his GED and vocational programs. *Id.* at 5-6. Next, Walker notes that his age, prison conduct, and length of time spent in prison are consistent with the U.S. Sentencing Commission's data on age and recidivism, further supporting a sentence reduction. *Id.* at 7-9. Finally, Walker points to sentence reductions in other cases in consideration of the need to avoid unwarranted sentencing disparities. *Id.* at 9-12.

The Government argues that Walker's motion is barred by Section 404(c) of the First Step Act, because the Court previously denied his Section 404 motion on the merits. (Rec. Doc. 419) (citing Rec. Doc. 383). "A defendant is eligible for a sentence reduction under the First Step Act if: (1) he committed a "covered offense"; (2) his sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act; and (3) he did not previously file a motion under the First Step Act that was denied on the merits." *United States v. Batiste*, 980 F.3d 466, 470 (5th Cir. 2020) (internal citation and quotation marks omitted). The Government notes that the Court's recent reconsideration of codefendant Sims's Section 404 motion does not require a different

6

result because, unlike Walker, Sims successfully petitioned the Supreme Court for relief from this Court's denial of his motion (and the Fifth Circuit's subsequent affirmance). (Rec. Doc. 419, at 5).

The Court agrees with the Government that the Court already sufficiently considered intervening changes in law in its denial of Walker's previous motion, in compliance with the subsequent decision in *Concepcion* requiring courts to consider changes in the law in ruling on a Section 404 motion. *See United States v. Burns*, No. 22-51002, 2023 WL 2964420, at *1 (5th Cir. Apr. 14, 2023) ("Because Burns had previously filed a motion for a sentence reduction under the First Step Act and that motion was denied after a complete review on the merits, the district court did not abuse its discretion in denying Burns's current motion under the express terms of § 404(c) of the First Step Act."). After considering Walker's post-sentencing conduct and age, as well as the nature of the offense and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, the Court declined to exercise its discretion to reduce Walker's sentence, despite the change in his mandatory minimum. (Rec. Doc. 383, at 4-5) (citing § 3553(a)(1)-(2)(A)). Because the Court previously considered the relevant intervening changes in law and fact, the Court need not reconsider Walker's substantive arguments to deny the instant motion.

However, even considering the merits of Walker's motion, *Concepcion* does not require a different outcome. The Court previously determined that Walker is eligible for a potential sentence reduction under Section 404. (Rec. Doc. 383, at 4). However,

a reduction is not mandatory, and district judges have broad discretion to exercise their professional judgment under the First Step Act. First Step Act, § 404(c), 132 Stat. 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section"); *Concepcion v. United States*, 142 S. Ct. at 2404–05 ("the First Step Act does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence of violent behavior in prison counsels against providing relief").

After Section 404's retroactive application of the Fair Sentencing Act, Walker's advisory guidelines range is no longer restricted to life imprisonment. Instead, his advisory guidelines range is now 360 months to life imprisonment. However, like his codefendant, Walker did not receive the minimum sentence at his original sentencing. Instead, the Court specifically imposed a life sentence to account for the fact that he instigated a plot to kill a federal agent in a series of phone conversations over months. (Sentencing Transcript; Rec. Doc. 234, at 21). After he was arrested and in custody and his phone privileges were cut off, he continued to write letters to solicit someone to kill a witness who he thought was a government informant in his case. *Id.* His life sentence remains within the advisory guidelines range.

Moreover, although Walker cites to other cases where judges imposed shorter sentences for similarly situated defendants, those defendants did not instigate a plot to murder a federal agent and carry out subsequent threats to kill a government informant, as Walker did. And although Walker has demonstrated evidence of

rehabilitation through participation and completion of programs offered by the BOP, the factors in § 3553(a) weigh heavily against a reduction in his sentence. Specifically, considering the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, see § 3553(a)(1)–(2)(A), the Court again declines to exercise its discretion to reduce Walker's sentence.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act of 2018* **(Rec. Doc. 414)** is **DENIED**.

New Orleans, Louisiana, this 28th day of July, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE