UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | No.: 05-297 |
| CHRIS WALKER | SECTION: "J" |

## <u>ORDER & REASONS</u>

Before the Court is *pro se* Defendant Chris Walker's *Motion for Compassionate Release.* **(Rec. Doc. 435)**. The Government opposes the motion. (Rec. Doc. 439). Walker has filed a reply. (Rec. Doc. 441). Having considered the motions and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## <u>FACTS AND PROCEDURAL BACKGROUND</u>

Walker was arrested in 2005 for two drug distribution charges and being a felon in possession of a firearm. While in custody, Walker made several phone calls to co-defendant Johnnie Sims about wanting to kill DEA Special Agent Chad Scott, and they discussed hiring a hitman for the murder. DEA agents learned about the plot and introduced an undercover agent posing as a hitman to Walker and Sims. Sims met with the agent and gave him $1,000 as a down payment to murder Agent Scott. Sims was then arrested.

Walker and Sims were charged by superseding indictment with conspiracy to distribute at least 50 grams of cocaine base ("crack"), at least 500 grams of cocaine

hydrochloride, and a quantity of marijuana ("Count 1") and conspiracy to murder a federal agent ("Count 4"). Walker was also charged with possession with intent to distribute at least 50 grams of crack and at least 500 grams of cocaine ("Count 2") and being a felon in possession of a firearm ("Count 3"). A second superseding indictment added a charge against Walker of solicitation to murder a federal witness ("Count 7").

Walker pled guilty without a plea agreement to the five counts against him. The Government noticed two of his prior felony drug convictions, which subjected him to a mandatory life sentence for Counts 1 and 2. *See* 21 U.S.C. § 841(b)(1)(A) (2006). His offense level was 36 for Counts 1, 2, and 3; 45 for Count 4; and 33 for Count 7. Accordingly, his combined offense level was 45, and after the reduction for acceptance of responsibility, his total offense level was 42. With a criminal history category of VI, his guidelines range was 360 months to life imprisonment but was restricted to a minimum of life because of the mandatory minimum for Counts 1 and 2. Walker was sentenced to concurrent terms of life imprisonment on Counts 1, 2, and 4; 120 months for Count 3; and 240 months for Count 7. At Walker's sentencing, the Court stated that, even if it had agreed with Walker's arguments that his guidelines were only 360 months to life, the Court would impose a life sentence under the circumstances of this case anyway. (Sentencing Transcript; Rec. Doc. 234, at 22). Walker's conviction and sentence were affirmed on appeal. *United States v. Walker*, 294 F. App'x 121 (5th Cir. 2008) (*per curiam*).

Walker has since made several unsuccessful attempts to reduce his sentence. First, in 2019, Walker moved to reduce his sentence under Section 404 of the First Step Act of 2018. (Rec. Docs. 349, 350). The Court referred his motion to the 1stSA Committee, which determined that he was eligible for a sentence reduction under Section 404 of the First Step Act. However, the Court noted that, even after considering Walker's sentence reductions under the First Step Act, his guidelines would still call for sentencing range of 360 months to life in prison. After considering the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, *see* § 3553(a)(1)–(2)(A), the Court declined to exercise its discretion to reduce Walker's sentence. *Id.* The Fifth Circuit affirmed that judgment on March 22, 2021. *United States v. Walker*, 839 F. App'x 945, 945-45, (5th Cir. 2021) ("Walker has not shown the district court abused its discretion. The court acknowledged Walker's claims and the changes in the law, correctly set forth the circumstances of his case, and denied relief based on the § 3553(a) factors."). Walker did not petition the Supreme Court for a writ of certiorari.

On February 22, 2023, Walker requested leave to file supplemental briefing to his motion to reduce his sentence under Section 404 of the First Step Act (Rec. Doc. 403). Walker argued that the United States Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022) compelled this Court to reduce his sentence. The Court rejected Walker's argument, finding that it had complied with *Conception* and that the Section 3553(a) sentencing factors justified Walker's life sentence.

The Fifth Circuit affirmed the Court's decision. As the Fifth Circuit stated

the district court provided a "complete review" by considering the arguments set forth in Walker's previous motion regarding (1) changes in the law with respect to the mandatory minimums for his drug trafficking convictions and the reduction in his sentencing guidelines range; (2) his post-sentencing rehabilitation; (3) research on recidivism and age; and (4) the § 3553(a) factors weighing in favor of a reduction.

*United States v. Walker*, No. 23-30555, 2024 WL 4457456, at \*2 (5th Cir. Oct. 10, 2024). Now, Walker is back. Making the same arguments that this Court rejected, he contends that he deserves a sentence reduction under 18 U.S.C. Section 3582(c)(1)(A)(i).

## **LEGAL STANDARD**

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.*

Once a defendant has exhausted his administrative remedies, the Court may then reduce the defendant's term of imprisonment if it finds that extraordinary and

compelling reasons warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). This reduction must be consistent with applicable policy statements of the Sentencing Commission. *Id.* Section 3582(c)(1)(A)(i)'s use of "extraordinary and compelling" captures the truly exceptional cases that fall within no other statutory category and sets "an exceptionally high standard for relief." *United States v. McCoy*, 981 F.3d 271, 287–88 (4th Cir. 2020). The defendant has the burden of demonstrating extraordinary and compelling reasons supporting his release. *See United States v. Washington*, No. CR 16-19, 2020 WL 4000862, at *3 (E.D. La. July 15, 2020). The U.S. Sentencing Guidelines provide that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

## DISCUSSION

The Court finds that Walker has exhausted his administrative remedies. The issue is whether Walker has provided extraordinary and compelling reasons to justify a reduction in his sentence. The Court finds that he has not.

Prisoners have extraordinary and compelling reasons for relief "only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025) (quoting *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023). Walker argues that his sentence is unusually long for his drug offenses, but he

completely ignores that he conspired to kill a federal agent and solicited to murder a witness in the case against him. Walker also argues that his youth at the time of the offenses should justify release, but he was 30 years old when he committed the offenses. Lastly, Walker argues that his rehabilitative efforts justify release, but he admits that he has "received several incident reports for violating BOP's policies" while incarcerated. (Rec. Doc. 435-1, at 12). Further, to the extent that Walker has improved, his rehabilitation, by itself, is not an extraordinary and compelling reason that justifies release. 28 U.S.C. § 994(t).

Despite Walker's best efforts, the facts of this case remain unchanged. Walker instigated a plot to kill a federal agent. He instigated the plot in a series of phone conversations over several months. While in jail, he continued to make threats by writing letters, soliciting someone to kill a witness who he thought would testify against him. Such conduct weighs against a sentence reduction. *See United States v. Neal*, No. CR 07-425, 2025 WL 3250557, at *3 (E.D. Nov. 21, 2025) (Barbier, J.) (declining to reduce sentence where defendant "conspired to murder an informant while in custody and awaiting trial.")

Considering the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, see § 3553(a)(1)–(2)(A), the Court again declines to exercise its discretion to reduce Walker's sentence.

6

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Walker's *Motion for Compassionate Release*

**(Rec. Doc. 435)** is **DENIED**.

New Orleans, Louisiana, this 16th day of July, 2026.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE